# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

TYNISKI EVANS                                   CIVIL ACTION

VERSUS
                                                NO. 16-331-JWD-RLB
STATE OF LOUISIANA

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 4, 2017.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

TYNISKI EVANS                        CIVIL ACTION

VERSUS

                                 NO. 16-331-JWD-RLB

STATE OF LOUISIANA

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Tyniski Evans, filed the Complaint in this matter on May 19, 2016. (R. Doc. 1).

Plaintiff filed an Amended Complaint on June 22, 2016. (R. Doc. 3). Plaintiff was granted leave

to proceed as a pauper. (R. Doc. 5). The named defendant is the State of Louisiana.

The Amended Complaint has a section for a plaintiff to "[s]tate the grounds for filing this

case in Federal Court." Plaintiff's basis for federal jurisdiction is "Louisiana." (R. Doc. 1). In

the statement of claim, Plaintiff states that "While attending Baton Rouge Community College[,]

Tyniski became mentally ill because the sun and moon was placed into my mind by Baton Rouge

Community College." Plaintiff seeks relief for medical bills, acknowledgement of her disability

and the events that took place, and compensation for pain and suffering.

In order to proceed in forma pauperis, a plaintiff not only must meet the financial

prerequisite, but also must establish that he has raised a non-frivolous issue under the standard

set forth in 28 U.S.C. § 1915(e)(2). District courts must construe IFP complaints filed by *pro se*

plaintiffs liberally. Nonetheless, even the most liberally construed IFP complaint can be

dismissed at any time, regardless of service or the filing of an answer, if the court determines the

case:

       (i)       is frivolous or malicious;

       (ii)      fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  Dismissal under § 1915(e) may be made before service of process.

*Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an

arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v.

Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court

may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category

encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33;

*Neitzke*, 490 U.S. at 327; *see also Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992)

("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly

incredible").  Pleaded facts which are merely improbable or strange are not frivolous. *Denton*,

504 U.S. at 33; *Ancar*, 964 F.2d at 468.

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii),

courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of

Civil Procedure. *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).  When reviewing a

Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view

them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th

Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).  Nonetheless, "[f]actual

allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.

v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570).  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," and by extension § 1915(a)(2)(B)(ii), applies to futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

In the instant case, the Court is unable to ascertain a valid basis for the exercise of jurisdiction in federal court. Plaintiff does not identify any federal statute that he alleges has been implicated nor does he identify any alleged conduct that could conceivably fall under any such statute. Plaintiff's Complaint does not allege diversity of citizenship. Plaintiff does reside in Louisiana as alleged in his Complaint. Assuming that he is a citizen of Louisiana for diversity purposes, it appears that the Baton Rouge Community College would also share in that citizenship.

The Court has also considered the specific allegations by the Plaintiff in order to ascertain any potential cause of action. The Complaint references a dispute over tuition and GPA that is also allegedly attributable to BRCC putting the sun and moon in his mind. The Court finds that

this allegation is frivolous in that the alleged facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33.[1]

The Court gave Plaintiff an opportunity to file a Second Amended Complaint setting forth any additional facts or legal basis for the Court to conclude that federal jurisdiction is proper in this matter. (R. Doc. 6). Any such Second Amended Complaint was to be filed on or before August 26, 2016. On August 19, 2016, Plaintiff's Second Amended Complaint (R. Doc. 7) was filed, however, it does not comply with the Court's order and does not provide additional facts or legal basis for the Court to conclude that federal jurisdiction is proper in this matter.

## RECOMMENDATION

It is the **RECOMMENDATION** of the undersigned that this matter be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Signed in Baton Rouge, Louisiana, on May 4, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Complaint also references mental health treatment received by the Plaitniff during the relevant time period. (R. Doc. 1).

4